UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS,<br><br>                Petitioner,<br><br>   v.<br><br>ANTHONY HEDGPETH, Warden,<br><br>                Respondent. | Civil No.   11cv1488 AJB (NLS)<br><br>**ORDER DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

On July 1, 2011, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a request to proceed in forma pauperis, that was not accompanied by a signed trust account statement from the correctional facility in which he is incarcerated. [ECF Nos. 1, 2.] On August 3, 2011, Petitioner filed another request to proceed in forma pauperis, and attached a copy of his trust account statement which reflected a $0.00 balance in his account at the California correctional institution in which he is presently confined. [ECF No. 4.] On August 4, 2011, the Court granted Petitioner's August 3, 2011, request to proceed in forma pauperis and denied the July 1, 2011, request as moot. [ECF No. 5.] The Court also denied the Petition for Petitioner's failure to name a proper respondent, state grounds for relief in the Petition, and allege exhaustion of state judicial remedies. [ECF No. 5.] To have the case reopened, Petitioner was instructed to file a First Amended Petition which cured the pleading deficiencies noted in the Court's Order no later than September 27, 2011.

On November 2, 2011, Petitioner filed documents titled "Request the State to Provide Petitioner and the Court with Transcript of the Prior Proceeding," Motion for "Summary Judgment on One or More of the Claims in the Petition," and Motion to "Release Petitioner's on Own Recognizance, Based Upon the Violation of the Petitioner's Constitutional" rights which this Court construed as a First Amended Petition.

## **FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION**

Petitioner has again failed to comply with Rule 2(c) of the Rules Governing Section 2254 Cases which states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), 28 U.S.C. foll. § 2254. *See also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). Although Petitioner does not fail to state generalized constitutional grounds for relief, he does fails to provide specific factual allegations in support of such grounds.

While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. *Zichko v. Idaho*, 247 F.3d 1015, 1020-21 (9th Cir. 2001). The Court finds that the Petition contains conclusory allegations without any specific facts in support of relief. A federal court may not entertain a petition that contains allegations which are conclusory.

This Court would have to engage in a tenuous analysis in order to attempt to identify and make sense of the Petition. In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error.*" Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, <u>in the petition</u>, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the lack of grounds for relief in the Petition prevents the Respondent from being able to assert

1 appropriate objections and defenses.

2 Due to Petitioner's unsatisfactory showing, the Court dismisses the action without
3 prejudice. Should Petitioner decide to file a new petition, he is advised to *clearly and succinctly*
4 state all grounds for relief using the Second Amended Petition form sent to Petitioner with this
5 order.

### FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

7 In addition, habeas petitioners who wish to challenge either their state court conviction
8 or the length of their confinement in state prison, must first exhaust state judicial remedies. 28
9 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state
10 judicial remedies, a California state prisoner must present the California Supreme Court with a
11 fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition.
12 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state
13 court remedies a petitioner must allege, in state court, how one or more of his or her federal
14 rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995)
15 reasoned: "If state courts are to be given the opportunity to correct alleged violations of
16 prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting
17 claims under the United States Constitution." Id. at 365-66 (emphasis added). For example,
18 "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him
19 [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say
20 so, not only in federal court, but in state court." Id. at 366 (emphasis added).

21 Nowhere on the First Amended Petition does Petitioner allege that he raised his claims
22 in the California Supreme Court. If Petitioner has raised his claims in the California Supreme
23 Court he must so specify. "The burden of proving that a claim has been exhausted lies with the
24 petitioner." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Breard v. Pruett, 134 F.3d
25 615, 619 (4th Cir. 1998); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997); Oyler v.
26 Allenbrand, 23 F.3d 292, 300 (10th Cir. 1994); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

27 Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death
28 Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ

of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

//
//
//
//

## CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES** the First Amended Petition without prejudice and with leave to amend for Petitioner's failure to state grounds for relief in the Petition, and allege exhaustion of state judicial remedies. To have the case reopened, Petitioner must, no later than **January 10, 2012**, provide the Court with a copy of this Order **AND** a Second Amended Petition which cures the pleading deficiencies noted above. *The Clerk of Court is directed to send Petitioner a blank Second Amended Petition form along with a copy of this Order.*

**IT IS SO ORDERED.**

DATED: November 7, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge