UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS,<br><br>   vs.                      Petitioner,<br><br>MATTHEW CATE, Secretary,<br><br>                          Respondent. | Civil No. 11-1488 AJB (NLS)<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT [ECF No. 25]** |

On July 1, 2011, Petitioner, a state prisoner proceeding pro se, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, along with an application to proceed in forma pauperis that was not accompanied by a trust fund account statement from the correctional facility in which Petitioner was incarcerated. [ECF Nos. 1, 2.] On July 28, 2011, Petitioner submitted a second application to proceed in forma pauperis, with his prison trust fund account attached. [ECF No. 4.]

On August 4, 2011, the Court granted Petitioner's July 28, 2011, application to proceed in forma pauperis, denied the July 1, 2011, application to proceed in forma pauperis as moot, and dismissed the case for Petitioner's failure to name a proper respondent, state grounds for relief in the petition, and allege exhaustion of state judicial remedies. (Order 6, Aug. 4, 2011, ECF No. 5.) Petitioner was informed that if he wished to proceed with this action he was required to file a First Amended Petition which cured the pleading deficiencies noted in the Order on or

before September 27, 2011.  (Id.)

On October 31, 2011, Petitioner filed a First Amended Petition. [ECF No. 7.]  On November 9, 2011, the Court dismissed the First Amended Petition without prejudice and with leave to amend for Petitioner's failure to state grounds for relief in the petition, and allege exhaustion of state judicial remedies. (Order 5, Nov. 9, 2011, ECF No. 9.)  To have the case reopened, Petitioner was informed that he must file a Second Amended Petition which remedied the pleading deficiencies outlined in the Court's Order no later than January 10, 2012.

On January 24, 2012, Petitioner filed a Second Amended Petition. [ECF Nos. 16.] By Order dated February 6, 2012, the Court issued an Order indicating that Petitioner failed to allege exhaustion as to claims three, four, five and six in his Second Amended Petition. (Order 2, Feb. 6, 2012, ECF No. 18.) The Order outlined options from which Petitioner was advised he must choose no later than March 12, 2012, regarding the unexhausted claims. (Id. at 3.) On February 15, 2012, Petitioner filed a response to the Court's February 6, 2012, Order, in which he appeared to assert he had exhausted all of the claims.  (Resp. Options Order 1, Feb. 15, 2011, ECF No. 20.)  By Order dated April 17, 2012, the Court issued an Order Requiring Response to the Second Amended Petition. (Order 1, Apr. 17, 2012, ECF No. 31.)

On February 16, 2012, Petitioner filed a Motion for Relief from Judgment under Rule 60(b) in which he requests that the Court set aside the November 9, 2011, judgment dismissing his First Amended Petition. (Mot. for Relief from Judgment 1, ECF No. 25.)  Although somewhat unclear, it appears Petitioner is arguing that the November 9, 2011, dismissal of his First Amended Petition must be vacated in order to "clear the discrepancies" between the First Amended Petition and the Second Amended Petition. (Id. at 7.)  Petitioner claims the Court should grant his motion based on "excusable neglect of the Petitioner to file an amend[sic] pleading of a First Amended pleading."  (Id. 1.)

Federal Rules of Civil Procedure Rule 60(b) provides for relief from a final judgment on the basis of, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect . . . [or] any other reason that justifies relief." Fed.R.Civ.P. 60(b)(1),(6); see also Gonzalez v. Crosby, 545 U.S. 524, 529–30(2005) (Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254). The

1  burden of proof is on the party bringing the Rule 60(b) motion. See <u>Rufo v. Inmates of Suffolk
2  County Jail</u>, 502 U.S. 367, 383,(1992); <u>see</u> also <u>Sch. Dist. No. 1J v. ACandS, Inc.</u>, 5 F.3d 1255,
3  1262 (9th Cir.1993) (citations omitted).  "To justify relief under Rule 60(b)(1), a party must
4  show "excusable neglect." Fed.R.Civ.P. 60(b)(1).

     Although Petitioner brings his motion pursuant to Rule 60(b) and argues he is entitled to relief due to excusable neglect, he cannot obtain the relief he seeks via Rule 60(b).  Petitioner requests that the Court vacate its November 9, 2011 Order to "clear the discrepancies" between the First Amended Petition and the Second Amended Petition and allow him to proceed with the claims in his Second Amended Petition, however, there is no need to clear any discrepancies between the petitions, as an amended petition supercedes a prior petition, and the prior petition is "treated thereafter as non-existent." <u>Forsyth v. Humana</u>, Inc. 114 F.3d 1467, 1474 (9th Cir. 1997).  Therefore, Petitioner's Second Amended Petition is the operative pleading in this case and supercedes the First Amended Petition.  Further, Petitioner has failed to show that dismissal of the Court's November 9, 2011, Order will provide the relief he seeks, despite bearing the burden to demonstrate his entitlement to Rule 60(b) relief.  See <u>Rufo</u>, 502 U.S. at 383.  For the foregoing reasons, the Court declines to vacate its November 9, 2011, Order dismissing the First Amended Petition, and **DENIES** Petitioner's Motion for Relief from Judgment pursuant to Rule 60(b).

     **IT IS SO ORDERED.**

DATED: May 2, 2012

                                              Hon. Anthony J. Battaglia
                                              U.S. District Judge

CC:
        ALL PARTIES