UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS,<br><br>　　　　　Petitioner,<br><br>v.<br><br>JEFFREY BEARD, SECRETARY<br><br>　　　　　Respondent. | Civil No. 11cv1488 AJB (KSC)<br><br>ORDER:<br><br>(1) ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE, (Doc. No. 65);<br><br>(2) DENYING THE SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITHOUT LEAVE TO AMEND, (Doc. No. 16); and<br><br>(3) DENYING A CERTIFICATE OF APPEALABILITY. |

　　　Pending before the Court is Petitioner's Second Amended Petition ("SAP") for Writ of Habeas Corpus. (Doc. No. 16.)  Respondent filed an Answer arguing the Court should deny the Petition.  (Doc. No. 41.) The Court referred the matter to Magistrate Judge Karen S. Crawford, who issued a Report and Recommendation ("R&R") on May, 8, 2014 recommending the Court deny the SAP.  (Doc. No. 65). The R&R ordered that any objections should be filed no later than thirty (30) days after the issuance of the R&R.  (*Id.* at 35.)  That deadline has passed and Petitioner has not filed any objections.

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a *de novo* determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection(s), the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Having reviewed the report and recommendation, the Court finds that Magistrate Judge Crawford's R&R is thorough, well reasoned, and contains no clear error. Accordingly, the Court hereby: (1) **ADOPTS** Magistrate Judge Crawford's Report and Recommendation; and (2) **DENIES** Petitioner's Second Amended Petition **without leave to amend**. Therefore, the Court directs that judgment be entered **DENYING** the Petition for Writ of Habeas Corpus.

When a district court enters a final order adverse to the applicant in a habeas proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Here, the Court finds that reason-

able jurists could not debate whether Respondent's motion to dismiss should have been resolved differently and therefore **DENIES** the certificate of appealability.

IT IS SO ORDERED.

DATED: June 23, 2014

_____
Hon. Anthony J. Battaglia
U.S. District Judge